## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | | |
|---|---|---|
| MABLE WILLIAMS, RANDALL WILLIAMS, TAKAYLA WILLIAMS, TAKEYLA WILLIAMS, ANTHONY BENNETT, JAMES H. MUSTAFA AND JEFFREY BROWN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 11-1105 |
| v. | ) ) ) | |
| OFFICER VINCENT FICO (STAR # 6284), OFFICER JOHN DOE #1 and OFFICER JOHN DOE #2 | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

### COUNT I-Violation of 42 U.S.C. §1983

The Plaintiffs, MABLE WILLIAMS, RANDALL WILLIAMS, TAKAYLA WILLIAMS, TAKEYLA WILLIAMS, ANTHONY BENNETT, JAMES H. MUSTAFA and JEFFREY BROWN (hereinafter collectively referred to as the "PLAINTIFFS") and for their complaint against the Defendants, OFFICER VINCENT FICO (Star #6284) (hereinafter referred to as "FICO"), OFFICER JOHN DOE #1 (hereinafter referred to as "JOHN DOE #1") and OFFICER JOHN DOE #2 (hereinafter referred to as "JOHN DOE #2") state:

1.     This action is brought for damages sustained by the PLAINTIFFS by reason of FICO, JOHN DOE #1 and JOHN DOE #2's violation of their civil rights under 42 U.S.C. Section 1983, as amended by the Civil Rights Act of 1991.

2.      All of the PLAINTIFFS are citizens of the United States and residents of the Northern District of Illinois.

3.      FICO, JOHN DOE #1 and JOHN DOE #2 are now, and at all times relevant hereto, were duly appointed, employed and acting as police officers for the City of Chicago, County of Cook, Municipal Corporation and a governmental subdivision of the State of Illinois.

4.      At all times relevant hereto, FICO was a police officer assigned to the Fifteenth District at 5701 W. Madison in the City of Chicago and a resident of the City of Chicago and the County of Cook.

5.      At all times relevant hereto, JOHN DOE #1 and JOHN DOE #2 were also police officers assigned to the Fifteenth District at 5701 W. Madison in the City of Chicago and residents of the City of Chicago and the County of Cook.

6.      This Court has jurisdiction pursuant to 28 U.S.C. Sections 1343 and 1331.

7.      Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(b) since FICO, JOHN DOE #1 and JOHN DOE #2 reside in this judicial district and a substantial part of the events giving rise to the PLAINTIFFS' claims occurred in this district.

8.      Each and all acts of FICO, OFFICER JOHN DOE #1 and OFFICER JOHN DOE #2 alleged herein were done by them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Illinois, the City of Chicago and the County of Cook and under the authority of their office as police officers for said city and county.

2

9.     In the evening of April 7, 2010, the Plaintiffs, MABLE WILLIAMS, TAKAYLA WILLIAMS and ANTHONY BENNETT were in MABLE WILLIAMS' home located at 170 N. LaPorte, Second Floor, Chicago, IL 60644.

10.     At said time and place, JAMES H. MUSTAFA was living at the same address on the first floor.

11.     At approximately 9:00 p.m., various police officers, including FICO, JOHN DOE #1 and JOHN DOE #2, came to MABLE WILLIAMS' apartment building.

12.     At approximately 9:00 p.m., the Plaintiff JEFFREY BROWN entered the building and proceeded to the second floor to visit the Plaintiff MABLE WILLIAMS.

13.     At approximately five or ten minutes after the Plaintiff JEFFREY BROWN arrived, various police officers, including FICO, JOHN DOE #1 and JOHN DOE #2, came to the apartment building, gained entrance to the building and proceeded to the Plaintiff MABLE WILLIAMS' apartment.

14.     As the police officers proceeded to the Plaintiff MABLE WILLIAMS' apartment, FICO knocked down the Plaintiff JEFFREY BROWN.

15.     The police officers, including FICO, JOHN DOE #1 and JOHN DOE #2, without cause or provocation, then proceeded to knock down the door to the Plaintiff MABLE WILLIAMS' apartment and entered the apartment.

16.     The police officers, including FICO, JOHN DOE #1 and JOHN DOE #2, then proceeded to go through each room of the apartment and ransacked each room, including pulling out drawers, throwing things on the floor without identifying to the

3

Plaintiff MABLE WILLIAMS and the other people in the apartment what they were looking.

17.     Besides ransacking the apartment, FICO hit the Plaintiff ANTHONY BENNETT with the door and told the Plaintiffs MABLE WILLIAMS and TAKAYLA WILLIAMS to sit on the front couch.

18.     After ransacking and destroying property belonging to the Plaintiffs MABLE WILLIAMS, TAKAYLA WILLIAMS, TAKEYLA WILLIAMS and ANTHONY BENNET, the police officers, including FICO, JOHN DOE #1 and JOHN DOE #2, then proceeded downstairs to the apartment of the Plaintiff JAMES H. MUSTAFA.

19.     Although they did not have a search warrant, the police officers, including FICO, JOHN DOE #1 and JOHN DOE #2, nevertheless, busted into the Plaintiff JAMES H. MUSTAFA's apartment.

20.     At the time that the police busted into the apartment, the Plaintiff JAMES H. MUSTAFA was not there but on his way home from church.

21.     Shortly after the police officers busted into the Plaintiff JAMES H. MUSTAFA's apartment without a search warrant, the Plaintiff RANDALL WILLIAMS arrived at that apartment.

22.     Upon the Plaintiff RANDALL WILLIAMS' arrival, FICO proceeded to hit the Plaintiff RANDALL WILLIAMS in the head and tasered him without any justification or reason.

4

23.     Shortly thereafter, the Plaintiff JAMES H. MUSTAFA arrived at the apartment and the police officers, including FICO, JOHN DOE #1 and JOHN DOE #2, refused him entrance into his own apartment.

24.     The police officers then proceeded to ransack the Plaintiff JAMES H. MUSTAFA's apartment.

25.     After the police officers completed their ransacking of both the Plaintiffs MABLE WILLIAMS' and JAMES H. MUSTAFA's apartments, they then left.

26.     Besides ransacking the apartments, the police officers, including FICO, JOHN DOE #1 and JOHN DOE #2, took various property belonging to the Plaintiffs MABLE WILLIAMS, TAKAYLA WILLIAMS, TAKEYLA WILLIAMS and JAMES H. MUSTAFA, including:

     a.  MABLE WILLIAMS:

          i.  $5,497.00 in cash

          ii.  Gold coins

          iii.  Gold watches

          iv.  Rings and earrings

     b.  JAMES H. MUSTAFA:

          i.  $100.00 in cash

          ii.  Coin collection

          iii.  Two classic knives

     c.  TAKAYLA WILLIAMS:

          i.  Various items of jewelry

5

d. TAKEYLA WILLIAMS

i. Various items of jewelry

27. At no time while the PLAINTIFFS were in the presence of the police officers did they resist cooperating or exert any type of force against any of the police officers.

28. As a direct and proximate result of FICO, JOHN DOE #1 and JOHN DOE #2's conduct, the Plaintiffs RANDALL WILLIAMS and ANTHONY BENNETT suffered great pain and anguish and will so suffer injuries in the future and were impaired in their capacity to earn.

29. The conduct of FICO, JOHN DOE #1 and JOHN DOE #2 deprived the PLAINTIFFS of their rights, privileges and immunities secured to them by the Constitution of the United States, including their right to be secure in their persons and effects against unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the Constitution of the United States.

30. The acts, conduct and behavior of FICO, JOHN DOE #1 and JOHN DOE #2 were performed knowingly, intentionally and maliciously by reason of which the PLAINTIFFS are entitled to damages under 42 U.S.C. Section 1983.

WHEREFORE, the Plaintiffs, MABLE WILLIAMS, RANDALL WILLIAMS, TAKAYLA WILLIAMS, TAKEYLA WILLIAMS, ANTHONY BENNETT, JAMES H. MUSTAFA and JEFFREY BROWN, request that this Court enter judgment in their favor and against the Defendants, OFFICER V. FICO, OFFICER JOHN DOE #1 and OFFICER JOHN DOE #2, as follows:

6

a.    Awarding them compensatory damages in an amount in excess of $75,000.00;

b.    Awarding them punitive damages in an amount to be determined at trial;

c.    Awarding them costs, including reasonable attorney's fees incurred in connection with this action; and

d.    Awarding them such other relief as this Court may deem appropriate.

e.    Returning of all of the following personal property belonging to each of the PLAINTIFFS:

    a. MABLE WILLIAMS:

        i.  $5,497.00 in cash

        ii.  Gold coins

        iii.  Gold watches

        iv.  Rings and earrings

    b. JAMES H. MUSTAFA:

        i.  $100.00 in cash

        ii.  Coin collection

        iii.  Two classic knives

    c. TAKAYLA WILLIAMS:

        i.  Various items of jewelry

    d. TAKEYLA WILLIAMS

        i.  Various items of jewelry

THE PLAINTIFFS DEMAND TRIAL BY JURY.

7

## COUNT II-BATTERY

The Plaintiffs, RANDALL WILLIAMS (hereinafter referred to as "WILLIAMS"), ANTHONY BENNETT (hereinafter referred to as "BENNETT"), and JEFFREY BROWN (hereinafter referred to as "BROWN") and for their complaint against the Defendants, OFFICER VINCENT FICO (Star #6284) (hereinafter referred to as "FICO"), OFFICER JOHN DOE #1 (hereinafter referred to as "JOHN DOE #1") and OFFICER JOHN DOE #2 (hereinafter referred to as "JOHN DOE #2") state:

1.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

2.     The Plaintiffs repeat, reallege and incorporate by reference paragraph 2 of Count I as paragraph 2 of Count II.

3.-20.  The Plaintiffs repeat, reallege and incorporate by reference paragraphs 6, 8-24 of Count I as paragraphs 3-20 of Count II.

21.     The Plaintiffs repeat, reallege and incorporate by reference paragraph 26 of Count I as paragraphs 21 of Count II.

22.     FICO, JOHN DOE #1 and JOHN DOE #2's conduct as alleged above was without any probable cause and any provocation by WILLIAMS, BENNETT and BROWN.

23.     As a direct and proximate result of the battery committed by FICO, JOHN DOE #1 and JOHN DOE #2 on the Plaintiffs WILLIAMS, BENNETT and BROWN were seriously and permanently injured both internally and externally, suffered both pain

8

and anguish and will so suffer in the future and they incurred expenses and will incur future expenses to be cured of their injuries and they were delayed and hindered in their regular occupation and were thus impaired in their capacity to earn.

WHEREFORE, the Plaintiffs RANDALL WILLIAMS, ANTHONY BENNETT and JEFFREY BROWN request that this Court enter judgment in their favor and against Defendants OFFICER VINCENT FICO, OFFICER JOHN DOE #1 and OFFICER JOHN DOE #2 as follows:

        a.     Awarding them compensatory damages in amount in excess of $75,000;

        b.     Awarding them punitive damages in an amount to be determined at trial;

        c.     Awarding them costs, including attorney's fees, incurred in connection with this action; and

        d.     Awarding them such other relief as this Court may deem appropriate.

THE PLAINTIFFS DEMANDS TRIAL BY JURY.

Respectfully submitted,

s/ Joel F. Handler
JOEL F. HANDLER (#1115812)
55 W. Wacker Drive, St. 950
Chicago, Illinois 60601
(312) 621-0008

Attorney for the Plaintiffs,
MABLE WILLIAMS, RANDALL
WILLIAMS, TAKAYLA WILLIAMS,
TAKEYLA WILLIAMS, ANTHONY
BENNETT, JAMES H. MUSTAFA and
JEFFREY BROWN

9