IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MABLE WILLIAMS, RANDALL WILLIAMS, TAKAYLA WILLIAMS, TAKEYLA WILLIAMS, ANTHONY BENNETT, a minor, by his Motion and Next of kin TAKEYLA WILLIAMS, JAMES MUSTAFA, and JEFFERY BROWN, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11-cv-1105 |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS JAMES VINCENT FICO (STAR# 6284), OFFICER JOHN FRANO (STAR #11772), OFFICER NICHOLAS CERVANTES (STAR #14881), OFFICER HUMBERTO GUITERREZ (STAR # 9690), OFFICER WAYNE FRANO JR. (STAR # 8064), and OFFICER NICHOLAS HERTKO (STAR #18278), | ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | | **JURY DEMANDED** |

## SIXTH AMENDED COMPLAINT

NOW COMES Plaintiffs, MABLE WILLIAMS, RANDALL WILLIAMS, TAKAYLA WILLIAMS, TAKEYLA WILLIAMS, ANTHONY BENNETT, a minor, by his mother and next of kin TAKEYLA WILLIAMS, JAMES MUSTAFA, AND JEFFERY BROWN, through one of their attorneys, Jared S. Kosoglad, and complaining of the Defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICERS JAMES VINCENT FICO (STAR# 6284), OFFICER JOHN FRANO (STAR #11772), OFFICER NICHOLAS CERVANTES (STAR #14881), OFFICER HUMBERTO GUITERREZ

1

(STAR # 9690), OFFICER WAYNE FRANO JR. (STAR # 8064), and OFFICER NICHOLAS HERTKO (STAR #18278).

## INTRODUCTION

1. This civil action seeking damages against defendants is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

## JURISDICTION

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## PARTIES

3. The Plaintiffs, MABLE WILLIAMS, RANDALL, WILLIAMS, TAKAYLA WILLIAMS, TAKEYLA WILLIAMS, ANTHONY BENNETT, JAMES MUSTAFA AND JEFFERY BROWN are citizens of the United States who live in Cook County, Illinois.

4. The Defendants, Chicago Police Officers CITY OF CHICAGO and CHICAGO POLICE OFFICERS JAMES VINCENT FICO (STAR# 6284), OFFICER JOHN FRANO (STAR #11772), OFFICER NICHOLAS CERVANTES (STAR #14881), OFFICER HUMBERTO GUITERREZ (STAR # 9690), OFFICER WAYNE FRANO JR. (STAR # 8064), and NICHOLAS HERTKO (STAR #18278), were, at the time of this occurrence, duly licensed City of Chicago

Police Officers. Each officer engaged in the conduct complained of in the course and scope of their employment and under color of law. Each defendant is sued in his or her individual capacity.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the individual police officer defendants.

**Background Facts**

6. On April 7, 2010, Defendant John Frano caused the issuance of a search warrant for 170 N. LaPorte 2nd Floor in Chicago, Cook County, Illinois.

7. At approximately 9:00 p.m., the defendant police officers executed the warrant.

8. Defendants failed to knock or announce before entering the residence, and as a direct and proximate result, injured the minor Plaintiff Anthony Bennett with the door as it burst open without warning.

9. During the search, the Defendants applied excessive and unnecessary force against the Plaintiffs, including but not limited to beating Plaintiff Jeffrey Brown.

10. Defendants ransacked the residence and caused damage to personal property without any lawful basis.

11. Defendants, without any lawful basis, seized personal property of the Plaintiffs, including cash, jewelry, and other personal property.

12. Without any lawful basis, Defendant Wayne Frano Jr., applied a Taser to plaintiff Randall Williams, thereby using excessive and unnecessary force.

13. Without a warrant or any other lawful basis, Defendants searched the first floor apartment of Plaintiff James Mustafa.

14. During the unlawful search of the first floor apartment, Defendants unlawfully seized personal property of Plaintiff Mustafa.

15. When Plaintiff Mustafa arrived at the scene of the Defendants' illegalities, Defendants unlawfully refused Plaintiff Mustafa access to his own apartment.

16. Defendants arrested Plaintiff Randall Williams on charges for which they knew no probable cause existed and brought those charges with malice.

17. The charges against Plaintiff Randall Williams were terminated in a manner indicative of Plaintiff's innocence when the Defendants failed to appear for trial.

18. Defendants committed the acts alleged above in conspiracy with each other, and each Defendant took overt acts in furtherance of the conspiracy, including but not limited to the drafting and filing of false police reports and the other unlawful conduct alleged herein.

19. As a direct and proximate cause of the unlawful actions of the defendant police officers, the plaintiffs were injured, including a loss of their liberty, lost property, humiliation, embarrassment, the deprivation of their constitutional rights and their dignity, and physical injuries.

## Count I
### 42 U.S.C. Section 1983 Violations — Excessive Force

20. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

21. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution against Plaintiffs.

22. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with malice and willful indifference to Plaintiffs' constitutional rights.

23. As a proximate result of Defendant Officers' unjustified and excessive use of force, Plaintiffs suffered injuries, including severe pain, physical injury, mental suffering, anguish and humiliation, and emotional distress.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**Count II**
**Section 1983 Fourth Amendment Violations —Illegal Searches and Seizures**

24. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

25. The searches and seizures of the plaintiffs' persons and property performed willfully and wantonly by the Defendants, as detailed above, was in violation of plaintiffs' rights to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

26. As a proximate result of the above-detailed actions of defendants, plaintiffs were injured, including the deprivation of their liberty, property, and the taking of their persons. In addition, the violations proximately caused the plaintiffs mental anguish, embarrassment, and humiliation, exposed them to public scandal and disgrace, and caused them to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

5

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### Count III
### 42 U.S.C. Section 1983 - Conspiracy to Deprive Constitutional Rights

27. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

28. As described more fully above, the Defendants reached an agreement amongst themselves to use excessive force and commit illegal searches and seizures, and to thereby deprive Plaintiffs of their Constitutional rights, all as described more fully throughout this Complaint.

29. In this manner, the Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

30. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

31. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs' rights were violated, and they suffered damages, severe emotional distress and anguish, and a deprivation of their liberty, as is more fully alleged above.

32. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs and others.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand judgment against

Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count IV
### Section 1983 Fourth Amendment Violations —False Imprisonment

33. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

34. The actions of the individual defendants, whereby defendants knowingly caused Plaintiff Randall Williams to be arrested and imprisoned without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

35. As a direct and proximate result of these Constitutional violations, plaintiff Randall Williams was caused to suffer great pain, anguish, despair, and the loss of his liberty.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Randall Williams demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count V
### 42 U.S.C. Section 1983 - Conspiracy to Deprive Constitutional Rights – False Arrest

36. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

37. As described more fully above, the Defendants reached an agreement amongst themselves to frame Plaintiff Randall Williams for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

38. In this manner, the Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

39. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

40. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff Randall Williams' rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

41. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Randall Williams demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### Count VI
### 745 ILCS 10/9-102

42. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

43. Defendant City of Chicago is the employer of Defendant Officers.

44. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys fees and costs awarded.

### Count VII
### Malicious Prosecution — State Claim By Plaintiff Randall Williams

45. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

46. By the actions detailed above, the individual defendants knowingly sought to and did in fact maliciously prosecute Plaintiff Randall Williams on false charges for which they knew there was no probable cause.

47. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

48. As a direct and proximate result of the malicious prosecution, Plaintiff Randall Williams was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, emotional distress, mental and emotional suffering, humiliation, embarrassment, lost time, and anguish.

WHEREFORE, Plaintiff Randall Williams demands judgment against Defendants for compensatory damages and punitive damages, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                        Respectfully Submitted,

                                                        _s/ Jared Kosoglad_
                                                One of the Attorneys for the Plaintiff

Jared S. Kosoglad
Jared S. Kosoglad, P.C.
118 S. Clinton Street
Suite 200
Chicago, IL 60661
T: 312-513-6000
jared@jaredlaw.com