# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MABLE WILLIAMS, *et al.*,  )
  )
    Plaintiffs,  )
  )  No. 11 C 1105
vs.  )
  )  Magistrate Judge Schenkier
CITY OF CHICAGO, *et al.*,  )
  )
    Defendants.  )

## **MEMORANDUM OPINION AND ORDER**

    Defendants City of Chicago, Police Officer John Frano and Police Officer Wayne Frano move for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (doc. # 123). The Defendant Police Officers contend that they are entitled to summary judgment as to Plaintiff Randall Williams's Count IV Section 1983 false imprisonment claim, Count V Section 1983 false arrest conspiracy claim, and Count VII Illinois state law malicious prosecution claim on the ground that these claims are time-barred (and additionally that the false imprisonment claim fails to present a triable issue on the merits). Defendant City of Chicago asserts that it is entitled to summary judgment on the claim for indemnity in Count VI—the only claim asserted against the City—also on the ground that it is time-barred.

    Three days before filing their summary judgment motion, Defendants filed a Motion for Leave to File an Amended Answer to Plaintiffs' Sixth Amended Complaint (doc. # 119). In that pleading, Defendants seek to add the statute of limitations affirmative defense to Counts IV and V, counts for which the Defendants had previously failed to assert the defense.

    Plaintiffs oppose both motions. They argue that Defendants failed to timely assert their statute of limitations affirmative defenses, and should not be allowed to do so now after the close

of discovery and on the eve of summary judgment. They further argue that, in any event, the claims challenged in Defendants' summary judgment motion all relate back to the filing of the original complaint and thus are not time-barred (doc. # 128).

After careful review of the parties' submissions, we deny Defendants' motion for leave to amend, and we grant in part and deny in part Defendants' partial motion for summary judgment.

## I.

We begin with a brief history of the case. The parties agree that on April 7, 2010, Officer John Frano obtained a search warrant for 170 N. LaPorte, 2nd Floor, Cook County, Illinois (the "Premises"), and that the Defendant Police Officers executed the warrant at 9:00 p.m. that night (Plaintiffs' Sixth Amended Complaint ("PSAC") (doc. # 112) at ¶¶ 6-7). According to Plaintiffs, Defendants failed to knock or announce their presence before entering the Premises, causing injury to Plaintiff Anthony Bennett, a minor (*Id.* at ¶ 8). Plaintiffs further allege that during the search of the Premises, the Defendant Police Officers applied excessive and unnecessary force against Plaintiffs Jeffrey Brown and Randall Williams; caused damage to the Premises; and unlawfully seized personal property belonging to certain Plaintiffs (*Id.* at ¶¶ 9-12). Plaintiffs also maintain that Defendant Police Officers searched the apartment of Plaintiff James Mustafa without a warrant, unlawfully seized his property and unlawfully prevented him from entering his own apartment (*Id.* at ¶¶ 13-15).

Subsequent to the search of the Premises, the Defendant Police Officers arrested Plaintiff Randall Williams and transported him to a hospital (Defendants' Rule 56.1 (a)(3) Statement of Uncontested Facts ("SOF") (doc. # 124) at ¶¶ 26-27). Upon his release from the hospital that same night, Mr. Williams was taken to a police station and charged with the misdemeanor offenses of resisting arrest and battery (*Id.* at ¶ 28). Mr. Williams claims that Defendants had no

probable cause to charge or arrest him, and that they did so with malice (PSAC at ¶ 16). Mr. Williams was released from custody on I-bond at 3:30 a.m. on April 8, 2010 (SOF at ¶ 31). Defendant John Frano filed criminal complaints against Mr. Williams for battery and resisting a police officer (*Id.* at ¶ 32). On July 1, 2010, Mr. Williams's criminal case was stricken with leave to reinstate, but criminal charges were never reinstated (*Id.* at ¶¶ 33-34).

Plaintiffs filed a two-count suit on February 16, 2011, alleging one count of constitutional violations under 42 U.S.C. § 1983 and one count of battery under state law against Officer Vincent Fico and two unnamed officers (doc. # 1). Plaintiffs filed a First Amended Complaint on March 28, 2011, setting forth the same two counts against Officers Fico, Frano (John), Hertko, Cervantes, Gutierrez, and Orlowski (doc. # 9). Plaintiffs filed a Second Amended Complaint on June 16, 2011, alleging two counts of constitutional violations pursuant to Section 1983 and one count of battery (doc. # 19). Plaintiffs filed a Third Amended Complaint on September 2, 2011, that was substantially similar to the Second Amended Complaint (doc. # 34). Plaintiffs filed a Fourth Amended Complaint on October 21, 2011, that asserted the same counts as previous complaints and added as a defendant Officer William Frano instead of Officer Orlowski (doc. # 47). Plaintiffs filed a Corrected Fourth Amended Complaint on December 6, 2011 (doc. # 56) that corrected the name of Officer Frano to reflect his actual name (Wayne).

On May 16, 2012, Plaintiffs' counsel filed a motion to withdraw (doc. # 72) and received permission to do so from the Court on June 13, 2012 (doc. # 74). Plaintiffs appeared *pro se* on numerous occasions before they retained new counsel in January 2013. Under the guidance of this new counsel, Plaintiffs filed a Fifth Amended Complaint on February 28, 2013 that added the City of Chicago as a defendant and revised the pleading to include five separate Section 1983 counts (excessive force, illegal search and seizure, conspiracy to deprive of constitutional rights,

3

false imprisonment, and false arrest), one count of state law indemnity, and one count of state law malicious prosecution (doc. # 92). Plaintiffs filed a Sixth Amended Complaint on December 3, 2013 that simply added the name of Officer Hertko, who had been named as a defendant in the Corrected Fourth Amended Complaint but whose name had inadvertently been omitted from the case caption and body of the Fifth Amended Complaint (doc. # 112).

## II.

"Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Andrews v. CBOCS West, Inc.*, 743 F.3d 230, 234 (7th Cir. 2014); Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(c) dictates that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material fact*." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original) (citing Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the non-moving party. *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010). The moving party has the burden of establishing the lack of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, then "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). In doing so, the non-movant may not merely rely on the pleadings but must—with evidence—"set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012) (internal quotations and citations omitted). Summary judgment is proper against "a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

### III.

Defendants move for summary judgment on the following grounds: (1) that in Counts IV and V, Plaintiff Randall Williams's Section 1983 false imprisonment and false arrest conspiracy claims are time-barred, and that, even if timely filed, the false imprisonment claim fails to present a triable jury issue insofar as it purports to be based on the Eighth Amendment; and (2) that Mr. Williams's state law indemnification and malicious prosecution claims in Counts VI and VII also are barred by the applicable statute of limitations. Defendants also seek to amend their Answer to Plaintiffs' Sixth Amended Complaint to add the statute of limitations defense as to Counts IV and V. In response, Plaintiffs maintain that each of these claims relates back in time to earlier, timely pleadings and thus are protected from summary dismissal. Plaintiffs further argue that Defendants failed to timely assert the necessary statute of limitations defenses as to Counts IV and V, that they accordingly waived the opportunity to argue untimeliness, and that they should not be permitted to amend their answer in order to do so now.[1] We address these arguments in turn.

### IV.

We begin with the question of whether Plaintiffs' claims in Counts IV through VII were first asserted within the applicable statute of limitations period, and if not, whether they relate

---

[1] As discussed fully below, Defendants did timely assert a statute of limitations defense as to the state law-based claims (Counts VI and VII) in their Answer to Plaintiffs' Fifth Amended Complaint (doc. # 97).

5

back to the filing of the predecessor complaint—the Corrected Fourth Amended Complaint.[2] For the reasons set forth below, we find the answer is no as to Counts IV, V, and VII. Count VI, as is explained below, is subject to a different analysis which results in a different answer than that proposed by Defendants.

### A.

Mr. Williams's Count IV false imprisonment claim and Count V false arrest conspiracy claim are brought pursuant to 42 U.S.C. § 1983 and require him to provide evidence of material facts showing that Defendants, while acting under color of law, deprived him of an established right, privilege or immunity secured by the Constitution and laws of the United States. *Lewis v. Downey*, 581 F.3d 467, 472-73 (7th Cir. 2009). Defendants contend that these claims are time-barred because Plaintiffs first asserted them in their Fifth Amended Complaint filed on February 28, 2013, well after the applicable statute of limitations had expired. In response, Plaintiffs contend that these counts "likely relate back to the original complaint" filed on February 16, 2011 and therefore are timely (Pls.' Resp. to Defs.' Mot. Summ. J. ("Pls.' Resp.") at 2).

Section 1983 is a federal cause of action, but this Court looks to Illinois law to determine the applicable statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (finding that "[c]ourts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations in a section 1983 case"). Under Illinois law, 735 ILCS 5/13–202, the applicable statute of limitations

---

[2] We focus on the Corrected Fourth Amended Complaint and not on the predecessor complaints because, "when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (citation omitted); *see also Martin v. Wentz*, No. 1:13-CV-224-JVB, 2014 WL 2511374, at *2 n.3 (N.D. Ind., June 4, 2014). However, the results of our relation back analysis would not change were we to consider instead any of the complaints that preceded the Corrected Fourth Amended Complaint.

for a Section 1983 false arrest claim is two years, with the limitations clock on such an action beginning "at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 387; *see also Kelly*, 4 F.3d at 511. Likewise, the statute of limitations period for a Section 1983 false imprisonment action is two years, with the accrual date of that two-year time period beginning on the date the alleged false imprisonment ended. *Wallace*, 549 U.S. at 389 (finding that since "false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges") (emphasis in original); *see also Bryant v City of Chicago*, 746 F.3d 239, 241 (7th Cir. 2014).

In this case, based on the uncontested facts, the limitations period for Mr. Williams's alleged false arrest conspiracy claim began to run on the date of his arrest, April 7, 2010, and the limitations period for his false imprisonment claim began on April 8, 2010 when he was given an I-bond and released from police custody (SOF at ¶ 31). Therefore, Mr. Williams had until April 7 and 8, 2012, respectively, to assert claims for false arrest conspiracy and false imprisonment. However, Mr. Williams did not do so until February 28, 2013.

That said, our inquiry does not end here. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a complaint may be amended to add an additional claim, which otherwise would be barred by the applicable statute of limitations, if the amendment relates back to the date of the original pleading. Fed. R. Civ. P. 15(c). An amendment relates back to the original complaint when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In order for the relation back doctrine to apply, it is not necessary for the amended complaint to advance the same substantive legal theory or theories as those advanced in the original complaint,

provided the additional claims arose from the same factual allegations originally established. *See Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 (7th Cir. 1989); *see also Henderson v. Bolanda,* 253 F.3d 928, 931 (7th Cir. 2001) ("Generally, an amended complaint in which the plaintiff merely adds legal conclusions or changes the theory of recovery will relate back to the filing of the original complaint if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading") (internal quotations and citation omitted); *Batiste v. Dart,* No. 10-CV-3437, 2011 WL 4962945, at *5 (N.D. Ill., Oct. 19, 2011) (allowing relation back where plaintiff asserted new state law claims involving facts that were almost identical to those asserted in his Section 1983 claim). However, what is impermissible is for a party to use the relation back doctrine to bootstrap time-barred claims onto timely causes of action where the newly-asserted claims are not based on the same factual allegations as those originally pleaded. To hold otherwise would fail to provide the defendant with timely notice of the claims against him. *Lewellen v. Schneck Medical Center*, 4:05-cv-0083-SEB-WGH, 2009 WL 435094, at *3 (S.D. Ind., Feb. 20, 2009).

Mr. Williams did not assert his false arrest conspiracy and false imprisonment claims until he filed the Fifth Amended Complaint on February 18, 2013, more than two years after his arrest and imprisonment. Thus, the question for this Court is whether the Corrected Fourth Amended Complaint, which was filed on October 21, 2011 and therefore prior to the expiration of the two-year limitations period, set forth allegations from which Mr. Williams's claims of false imprisonment and false arrest conspiracy can also be said to arise and share a factual nexus. Plaintiffs alleged in their Corrected Fourth Amended Complaint that Mr. Williams was hit on the head by one of the Defendants and then tasered by Officer Wayne Frano (Plaintiffs' Corrected Fourth Amended Complaint ("PCFAC"), Count II, at ¶ 20). Plaintiffs further allege that Mr.

8

Williams did not "resist cooperating or exert any type of force against any of the police officers," and that he suffered great pain and anguish as a consequence of the excessive force used against him (*Id.* at ¶ 26). But, in that pleading, Plaintiffs did not assert the factual predicate for the claims that Mr. Williams was subject to a false imprisonment—either at the Premises or later at the police station—or subject to a false arrest.

The case of *Liss v. Poviliaitis*, No. 86 C 6704, 1987 WL 9299, at *1 (N.D. Ill., Apr. 8, 1987), is instructive here. In *Liss*, the plaintiffs' original complaint asserted a single Section 1983 count alleging that the defendant police officers violated their constitutional rights when they illegally searched the plaintiffs' residence and confined them. In an amended complaint, the plaintiffs added state law false imprisonment and malicious prosecution claims, among others, based on allegations that, subsequent to the residential search, the defendants improperly arrested plaintiff Thomas Liss, transported him to the police station, and held him in custody. *Id.* The defendants moved to dismiss many of the plaintiffs' claims, including the state law claims. In resolving the defendants' motion, the court found that the portion of the plaintiffs' false imprisonment claim that was based on his confinement at the residence arose from the same set of operative facts as the original complaint and thus related back to the original pleading. However, Mr. Liss's state law false imprisonment and malicious prosecution claims that were "based on defendants' arresting him, transporting him to and holding him at the police station, and filing formal charges against him" did not arise out of the conduct set forth in the original complaint. *Id.* The court explained: "Plaintiffs' original complaint focuses on the search of their residence only; it does not include any allegations relating to the subsequent arrest and charge of Thomas Liss. It cannot be said that the original complaint would put defendants on

9

notice of the institution of false imprisonment and malicious prosecution claims based on their arresting, holding and charging Thomas Liss." *Id.* at *4.

As in *Liss*, Mr. Williams's Section 1983 false imprisonment and false arrest conspiracy claims do not relate back to the Corrected Fourth Amended Complaint, because that pleading did not contain factual allegations regarding Mr. Williams's arrest, transportation to the police station, and/or detention at the police station. Rather, that pleading focused entirely on what transpired at the Premises up to the point of, but not including, Mr. Williams's arrest. Therefore, Defendants were not put on notice as to the nature and breadth of Mr. Williams's claims, and were thus "surprised by the amplification of the allegations of the original complaint *in the amended one.*" *Marshall v. H & R Block Tax Services, Inc.*, 564 F.3d 826, 829 (7th Cir. 2009) (emphasis added in original) (citations and internal quotations omitted). Accordingly, Mr. Williams's Count IV false imprisonment and Count V false arrest conspiracy claims do not relate back to the filing of the Corrected Fourth Amended Complaint.

**B.**

The same principles apply, and the same result obtains, as to Mr. Williams's Count VII state law malicious prosecution claim. "A malicious prosecution action is brought to recover damages suffered by one against whom a suit has been filed maliciously and without probable cause." *Miller v. Rosenberg,* 196 Ill.2d 50, 58 (2001). The statute of limitations for this action is one year. *See* Illinois Tort Immunity Act, 745 ILCS 10/8-101(a) (providing that "[n]o civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from

the date that the injury was received or the cause of action accrued").[3] To state a claim for malicious prosecution under Illinois law, Plaintiffs must allege that: "(1) the defendant instituted the underlying suit without probable cause and with malice; (2) the former action was terminated in the plaintiff's favor; and (3) the plaintiff suffered a special injury beyond the usual expense, time or annoyance in defending the underlying action." *Howard v. Firmand*, 880 N.E.2d 1139, 1142 (1st Dist. 2007). With respect to the second element, "a malicious prosecution action cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused." *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

In the Fifth Amended Complaint, filed on February 23, 2013, Mr. Williams alleges that Defendants arrested him on April 7, 2010 without probable cause, brought charges against him with malice, and filed false police reports (Plaintiffs' Fifth Amended Complaint ("PFAC") at ¶¶ 16-17). Mr. Williams also alleges that the charges against him "were terminated in a manner indicative of [his] innocence when the Defendants failed to appear for trial" (*Id.* at ¶ 17).

These allegations are nowhere to be found in the Corrected Fourth Amended Complaint. That pleading focused exclusively on the events that occurred at the Premises, and not on what allegedly took place thereafter. The relation back doctrine therefore fails as to this claim for the same reason it failed as to Counts IV and V: Plaintiffs' state law malicious prosecution claim simply does not arise out of the same conduct, transaction or occurrence that was alleged in the Corrected Fourth Amended Complaint. Although Mr. Williams asserts in a conclusory fashion

---

[3] The Tort Immunity Act applies even when the state law claims are joined with a Section 1983 claim. Accordingly, "[w]hile the two-year period . . . applies to § 1983 claims . . . the one-year period applies to state-law claims that are joined with a § 1983 claim." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).

11

that the claims in the Fifth Amended Complaint "likely" relate back to earlier pleadings, he offers no solid basis for this Court to conclude that his claims all relate to the same set of facts alleged in the Corrected Fourth Amended Complaint—meaning those facts pertaining to the execution of a warrant at the Premises (Pls.' Resp. at 3).

## C.

We turn next to Count VI, Plaintiffs' state law indemnity claim based on 745 ILCS 10/9-102 ("Section 9-102"), which provides that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable." Defendant City of Chicago argues that Section 9-102 is governed by the one-year limitations period established by the Illinois Tort Immunity Act, 745 ILCS 10/8-101(a), and that Plaintiffs therefore had one year from the time their claims against the Defendant Police Officers accrued to assert a state law indemnity claim against the City. Having failed to do so until the Fifth Amended Complaint, and thus more than one year after the claims against the Defendant Police Officers accrued, the City maintains that it, and Count VI, must be dismissed. Plaintiffs offer no response to this argument—which is surprising, because the City is wrong.

In this Circuit, a plaintiff cannot, "after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008). Similarly, a plaintiff may not "invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired." *See Worthington v. Wilson*, 8 F.3d 1253, 1256–57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). However, neither of these general principles is applicable here, where the City of Chicago is added to this lawsuit as a party

only to be held liable to indemnify any judgment for compensatory damages and attorney fees that may be entered against the Defendant Police Officers.

The Seventh Circuit explained at length the rationale for this approach in *Wilson v. City of Chicago*, 120 F.3d 681 (7th Cir. 1997). In *Wilson*, the appeals court held that on remand from an earlier decision, the plaintiff could amend his complaint to add a claim asserting that the City of Chicago was liable for any judgment he secured against Jon Burge. *Id.* at 683. The City offered many alternative arguments against the proposed amendment, including a lack of federal jurisdiction, prematurity and res judicata. The Seventh Circuit addressed and rejected each argument, finding that since the City of Chicago was "a party derivatively liable for any judgment against [it]," the plaintiff had a distinct claim against it that was separate from the plaintiff's claim against the individual police officer. *Id.* at 683, 687. Stated differently, as a potential indemnitor (with derivative liability), the City did not need to be joined in the suit against the indemnitee [Jon Burge]. *Id.* at 687. The *Wilson* court also made clear that although a plaintiff could wait until the end of all proceedings to seek a judgment against an indemnitor/municipality pursuant to Section 9-102, he also could proceed with the initiation of such a claim prior to judgment. *Id.* at 685; *see also Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 n.1 (N.D. Ill. 2000) (noting that the *Wilson* court saw no benefit in forcing a plaintiff to wait until the end of proceedings to file an indemnity claim against a municipality).

Since *Wilson*, courts in this district routinely have allowed plaintiffs to file Section 9-102 indemnity claims prior to the finding of municipal liability. *See Sassak v. City of Park Ridge*, 431 F. Supp. 2d 810, 822-23 (N.D. Ill. 2006). That is so despite the fact that the indemnity claims "accrue[ ] for statute of limitations purposes when the judgment is entered against the municipal employee." *American Safety Cas. Ins. Co. v. City of Waukegan*, 776 F. Supp. 2d 670,

709 (7th Cir. 2011); *see also Loza v. City of Chicago*, No. 09C2474, 2009 WL 3125542, at *1 (N.D. Ill., Sept. 25, 2009) (finding that "[t]he logical implication of the *Wilson* decision is that the actual fact that gives rise to a claim under § 9–102 is the court entering judgment against the employee defendant, even though it may be appropriate for a plaintiff to bring the claim in anticipation of that fact"). We have found no case law suggesting that a plaintiff must file that claim within one year of the accrual of the underlying claim for which indemnity is sought. Nor would such a requirement be consistent either with the fact that a plaintiff is not required to file the claim at all prior to judgment on the claim for which indemnity is sought, or with the efficiency rationale of permitting the plaintiff to do so during the pendency of the underlying suit. Plaintiffs' decision to assert a Section 9-102 indemnity claim against the City of Chicago in the Fifth Amended Complaint was therefore timely. The Defendants' motion for summary judgment on that claim is denied.

## V.

The foregoing analysis establishes that the claims in Counts IV, V, and VII were pleaded after the expiration of applicable statutes of limitations and do not relate back to the prior operative complaint. We now examine the consequence of this untimeliness.

A plaintiff is not required to plead compliance with an applicable statute of limitations. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("Complaints need not anticipate defenses and attempt to defeat them"). Rather, it is incumbent upon the opposing party to raise the statute of limitations in the answer to the complaint, as an affirmative defense pursuant to Federal Rule of Civil Procedure 8(c). The failure to do so generally results in a waiver of the defense. *Hugunin v. Land O'Lakes, Inc.*, No. 11 C 9098, 2014 WL 1052502, at *2 (N.D. Ill. Mar. 19, 2014). The intent behind this rule "is to avoid surprise and undue prejudice to the

plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997) (citing *Blonder-Tongue Lab., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971)).

Stated more bluntly, Rule 8(c) operates to prevent defendants from ambushing a plaintiff with an unexpected defense. *Venters*, 123 F.3d at 968. Accordingly, an untimely cause of action can proceed to trial where the opposing party neglects to raise untimeliness as an affirmative defense. *Id.* at 967 (stating that "if Rule 8(c) is not to become a nullity, we must not countenance attempts to invoke such defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff").

It is undisputed that Defendants timely raised a statute of limitations defense as to Count VII (state law malicious prosecution) in their original Answer to Plaintiffs' Fifth Amended Complaint. We therefore grant Defendants summary judgment on this count. However, Defendants concede that they did not raise a statute of limitations defense as to Counts IV and V in their answer to the Fifth or Sixth Amended Complaint. That is why Defendants now seek to do so in their motion for leave to amend their answer. Defendants assert that leave should be granted to amend because Plaintiffs will not be prejudiced by the amendment, and in support of this conclusion they contend that "there is no additional discovery that Plaintiffs could have done to try to disprove this affirmative defense" (Defs.' Mot. to Am. Answer. at ¶ 8). Plaintiffs contend that they would be prejudiced by an amendment as they "have been unable to develop a record regarding defenses to the defendants' affirmative defenses—such as equitable estoppel and equitable tolling" (Pls.' Resp. at 7). For the reasons that follow, we deny Defendants' motion to amend.

## A.

As noted above, pursuant to Rule 8(c), a defendant must plead a statute of limitations defense in his answer to the complaint. Fed. R. Civ. P. 8(c); *Venters*, 123 F.3d at 967. The purpose of that rule is to "avoid surprise and undue prejudice to the plaintiff by providing her with notice" and a chance to respond. *Id.* The Seventh Circuit has made clear that "[o]nce the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense." *Id.* The failure to do so heightens the risk that the party seeking leave to amend will be found to have waived the desired defense. *Id.*; *see also Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 735 (7th Cir. 2004).

Nonetheless, a court has the discretion to allow an answer to be amended to assert an affirmative defense not originally raised. Fed. R. Civ. P. 15(a). Leave to amend should be "freely given" in "the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); Fed. R. Civ. P. 15(a)(2). Leave to amend may be appropriate, for instance, where an affirmative defense becomes apparent only after discovery and the plaintiff is not prejudiced by the late notice. *Id.*; *see also Lampe*, 399 F.3d at 871 (state court did not abuse discretion in allowing defendant to raise an affirmative defense in motion to dismiss where court also gave plaintiff opportunity to respond and file an amended complaint); *cf. Venters*, 123 F.3d at 968 (district court improperly allowed defendant to raise affirmative defense at eleventh hour in their summary judgment reply as this gave plaintiff inadequate notice of the defense).

In this case, as to Counts IV and V, Defendants present no justification for their roughly year-long delay in attempting to assert their limitations omission—other than to claim inadvertence.[4] At this point in the proceedings, we find this an insufficient reason to grant leave to amend. *See Justice v. Town of Blackwell*, 820 F.2d 238, 240-41 (7th Cir. 1987) (finding that 14-month delay in seeking to amend complaint was unreasonable where moving party failed to present reasons that would justify such a delay, including "continuing discovery, changed circumstances or other unforeseeable matters"); *MB Financial Bank, N.A. v. Patel*, 10 C 6566, 2012 WL 346456, at *2 (N.D. Ill., Feb. 1, 2012) (defendant's failure to raise an affirmative defense until his response to plaintiff's summary judgment motion and to justify that failure resulted in a waiver of the defense); *Metropolitan Life Ins. Co. v. Guardian Life Ins. Co. of America*, No. 06 C 5812, 2009 WL 1565650, at *4-5 (N.D. Ill., June 1, 2009) (declining to allow defendants to amend answer to assert affirmative defense where defendants had no explanation for their almost two-year delay in raising the defense).

We recognize that denying Defendants leave to assert the statute of limitations defense to the false imprisonment and false arrest claims in Counts IV and V could be viewed as giving Plaintiffs a pass on their failure to timely assert those claims. Of course, allowing Defendants to now assert the statute of limitations defense to these claims likewise would allow Defendants to escape the consequences of their failure to timely assert these defenses. However, denying Defendants' request to amend means simply that these counts (along with the remaining claims in Counts I-III and Count VI) will proceed to trial, at which point the merits of Plaintiffs' remaining claims will be on full view. We find that the most equitable resolution of a case

---

[4]Plaintiffs filed their Fifth Amended Complaint on February 28, 2013, which Defendants answered on April 9, 2013. Plaintiffs filed their Sixth Amended Complaint (changing only a name in the caption) on December 3, 2013, which Defendants answered on December 18, 2013. Defendants requested leave to amend on March 26, 2014—almost one year after their Answer to the Fifth Amended Complaint.

17

marked by untimeliness on both sides is to allow the matter to proceed to the merits as to Counts IV and V.

**B.**

Finally, we address two remaining issues unrelated to questions of timeliness. The first pertains to Defendants' assertion that Mr. Williams's Section 1983 False Imprisonment claim (Count IV) is not actionable because the claim is asserted pursuant to the Eighth Amendment of the Constitution, and this Amendment applies only to those who have been convicted of a crime. Plaintiffs neglect to respond at all to this argument and thus can be viewed as forfeiting this point of contention. However, mindful of our responsibility to construe the facts in the light most favorable to the non-moving party, for the reasons set forth below, we decline to grant summary judgment on the false imprisonment claim.

The Eighth Amendment protects a sentenced prisoner from the infliction of cruel and unusual punishment. *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). But its protections do not extend to pretrial detainees or, in this case, a person subject to an arrest and awaiting the filing of charges. *See Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003) (concluding that "[t]he state does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law") (citations omitted); *Lewis*, 581 F.3d at 474. As Mr. Williams was never convicted of a crime, he cannot allege a constitutional deprivation under the Eighth Amendment.

While Defendants correctly point out the inapplicability of the Eight Amendment to the facts of this case, we note that the caption to Count IV labels the claim as follows: "Section 1983 *Fourth Amendment Violations*—False Imprisonment" (PSAC at ¶ 7) (emphasis added). By

18

captioning the count in this fashion, Plaintiffs appear to understand that this count is properly asserted under the Fourth Amendment, which extends constitutional protection from the point of arrest through the *Gerstein* probable cause hearing. *See Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006) (clarifying that while "the protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction"). Therefore, although the body of the count itself makes no reference to the Fourth Amendment, we construe the pleadings in the light most favorable to the non-moving party and accordingly find that the claim survives summary judgment.

Next, we address one considerable housekeeping matter pertaining to the named parties. In their motion for partial summary judgment, Defendants point out that on February 27, 2014, Plaintiffs' counsel indicated to the court and to Defendants' counsel its intention to dismiss all claims by Takayla Williams, Takeyla Williams and Mabel Williams as to all Defendants (Defs.' Mot. Summ. J at 1 n.1; Docket Entry # 117). Plaintiffs do not maintain a contrary position in their responsive brief—in fact, they are completely silent on this point. Accordingly, the Court dismisses Plaintiffs Takayla Williams, Takeyla Williams and Mable Williams from these proceedings.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Defendants' Partial Motion for Summary Judgment (doc. # 123). The Court dismisses with prejudice Count VII (state law malicious prosecution) of Plaintiffs' Sixth Amended Complaint. The Court denies Defendants' request to dismiss Counts IV, V, and VI. The Court also denies Defendants' Motion

For Leave to File An Amended Answer to Plaintiffs' Sixth Amended Complaint (doc. # 119). Finally, the Court dismisses with prejudice all claims brought by Plaintiffs Takayla Williams, Takeyla Williams, and Mable Williams. As a result of this ruling, Plaintiffs Randall Williams, Anthony Bennett, James Mustafa and Jeffery Brown each have four of the following claims remaining for trial: Section 1983 excessive force (Count 1), Section 1983 illegal searches and seizures (Count II), Section 1983 conspiracy to deprive Constitutional rights (Count III), and state law indemnity (Count VI). Plaintiff Randall Williams, individually, has two additional claims remaining for trial: Section 1983 false imprisonment (Count IV) and Section 1983 false arrest (Count V).

The matter is set for a status hearing on August 26, 2014 at 9:00 a.m. At that time, the Court will discuss with the parties prospects for settlement, as well as a trial date.

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: July 30, 2014**