IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL WILLIAMS, ANTHONY BENNETT, a minor, by his Mother and Next of Kin TAKEYLA WILLIAMS, JAMES MUSTAFA, and JEFFERY BROWN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11-cv-1105 |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS JAMES VINCENT FICO (STAR# 6284), OFFICER JOHN FRANO (STAR #11772), OFFICER NICHOLAS CERVANTES (STAR #14881), OFFICER HUMBERTO GUITERREZ (STAR# 9690), OFFICER WAYNE FRANO JR. (STAR # 8064), and NICHOLAS HERTKO (STAR #18278), | ) ) ) ) ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

### PLAINTIFF JAMES MUSTAFA'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW ON HIS ILLEGAL SEARCH AND ILLEGAL SIEZURE CLAIMS

NOW COMES Plaintiff, James Mustafa, by and through one of his attorneys, Abby D. Bakos of the Shiller Preyar Law Offices, with the instant Motion for Judgment as a Matter of Law under FRCP Rule 50(a) on Plaintiff James Mustafa's Illegal Search and Illegal Seizure Claims. In support thereof, Plaintiff states as follows:

The parties have presented all of their evidence. Based on the evidence presented therein and the following law and construing the facts in the light most favorable to Defendants, the Defendants did not have a lawful basis to enter (search) or seize Plaintiff Mustafa's home.

### STANDARD

1

A judgment can be entered as a matter of law if during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that part on an issue. Fed. R. Civ. P. 50. The evidence must be viewed in the light most favorable to the non-moving party and the Court must determine whether the evidence is sufficient to sustain a verdict in favor of the non-moving party. *Hammond Group, Ltd. V. Spalding & Evanflo Companies*, Inc., 69 F. 3d 845, 848 (7th Cir. 1995).

## ARGUMENT

### I. In Refusing Randall Williams Entry Into the First Floor Apartment, Defendants Illegally Seized the First Floor Apartment

Defendants Wayne Frano, John Frano and Gutierrez unlawfully seized Plaintiff Mustafa's home when they refused Randall Williams (a lawful occupant) to enter and/or remain therein.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const., Amdt. 4. Its "central requirement" is one of reasonableness. See *Texas v. Brown*, 460 U.S. 730, 739, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

"In 'the ordinary case,' seizures of property are 'unreasonable within the meaning of the Fourth Amendment,' without more, 'unless ... accomplished pursuant to a judicial warrant,' issued by a neutral magistrate after finding probable cause." *United States v. Place,* 462 U.S. 696, 701, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). *Illinois v. McArthur*, 531 U.S. 326, 330, 121 S. Ct. 946, 949, 148 L. Ed. 2d 838 (2001).

"A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113-14, 104 S. Ct. 1652, 1656, 80 L. Ed. 2d 85 (1984) It is well established that "Seizures of property

must be based on probable cause." See *Colorado v. Bannister,* 449 U.S. 1, 3, 101 S.Ct. 42, 43, 66 L.Ed.2d 1 (1980); *Payton v. New York,* 445 U.S. 573, 587, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980); *United States v. Place*, 462 U.S. 696, 716, 103 S. Ct. 2637, 2649, 77 L. Ed. 2d 110 (1983).

Viewing the testimony in light most favorable to the Defendants, there is no doubt that the home was seized when Officer Gutierrez, John Frano and Wayne Frano attempted to prevent Randall Williams from entering and remaining therein. Officer Gutierrez testified that he stood guard making sure that no one entered or exited the entire building for 1-2 hours. In refusing to allow lawful occupants into the apartment and holding the home hostage for 1-2 hours, the Defendants substantially interfered with Plaintiff's possessory interest in his home.

Additionally, law enforcement officers that are searching a premises pursuant to a search warrant "have categorical authority to detain any occupant of the subject premises during the search" long enough to ensure that the occupant is unarmed and uninvolved in criminal activity. *United States v. Jennings*, 544 F.3d 815, 818 (7th Cir. 2008); see also *Muehler v. Mena*, 544 U.S. 93, 98-99, (2005)(stating that "[i]inherent in Summers' authorization to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention"). However, the first floor apartment was not the subject premises of the search warrant. Any attempt to deny access to the home illegally interfered with the occupants' possessory interest of the first floor apartment and its' belongings. As a result the seizure of the first floor apartment was unlawful as a matter of law.

II. **In Entering Plaintiff James Mustafa's First Floor Apartment to Arrest Randall Williams, Defendants Conducted an Illegal Search of Plaintiff Mustafa's home.**

Viewing all facts and testimony in the light most favorable to Defendants, in forcing open the door and entering Plaintiff James Mustafa's home to arrest Randall Williams without a

warrant, lawful exigent circumstances or consent to enter the home, Defendants conducted an unlawful search as a matter of law.

Although the question of whether a particular search or seizure is ordinarily an issue of fact properly resolved by a jury, *See e.g. Reardon v. Wroan,* 811 F.2d 1025 (7th Cir.1987); and *Llaguno v. Mingey*, 763 F.2d 1560, 1565 (7th Cir.1985) (en banc), in cases where the underlying facts are essentially undisputed, the issue may be decided by the trial court as a matter of law. *See e.g. Reardon*, 811 F.2d at 1029-30; *Gramenos v. Jewel Co.*, 797 F.2d 432, 436, 438 (7th Cir.1986), *cert. denied*, 481 U.S. 1028, 107 S.Ct. 1952, 95 L.Ed.2d 525 (1987); *Williams v. Kobel*, 789 F.2d 463, 470-72 (7th Cir.1986); *Llaguno*, 763 F.2d at 1565; *and Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1344-47 (7th Cir.1985).

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const., Amend. IV. For a search to be constitutional under the Fourth Amendment, it must be reasonable. *Veronica Sch. Dist. v. Acton*, 515 U.S. 646, 653 (1995); *United States v. Husband* 226 F.3d 626, 629-30 (7th Cir.2000). Generally, a search is presumptively unreasonable unless the government has a warrant supported by probable cause, or an exception to the warrant requirement exists. *United States v. Yang*, 286 F.3d 940, 944 (7th Cir.2002).

The Fourth Amendment "prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine ... arrest," even for a felony, and even with probable cause. Id. at 576, 100 S.Ct. 1371 (emphasis added) *Hadley v. Williams*, 368 F.3d 747, 749 (7th Cir. 2004) ) ("to arrest a person in his home without a warrant is normally a violation of the Fourth Amendment even if there is probable cause to arrest him." "Unless there is an emergency ("exigent circumstances"), government agents need a warrant to

conduct a search of or make an arrest in a person's home without his consent . . . " *United States v. Paul*, 808 F.2d 645, 647 (7th Cir. 1986).

The exigent circumstances analysis is an objective one. *See Hawkins v. Mitchell,* 756 F.3d 983, 992 (7th Cir. 2014), *citing Venters, supra*, 539 F.3d at 897. It "considers only what [the officer who entered the home] reasonably should have known at the time of their warrantless home entry." Exigent circumstances "exist when there is a compelling need for official action and no time to secure a warrant, such as when an officer must enter premises to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *United States v. Venters,* 539 F.3d 801, 807 (7th Cir.2008) (quotation marks and citations omitted). "This Circuit has specifically held that "exigent circumstances do not exist when the underlying offense is minor, typically a misdemeanor", *quoting Reardon v. Wroan*, 811 F.2d 1025, 1028 (7th Cir.1987) (per curiam)).

The Defendants have failed to identify *any* articulable, objective facts that would create an exigent circumstance to justify entry into the first floor apartment. *See United States v. Andrews,* 442 F.3d 996, 1000 (7th Cir. 2006).

The foregoing facts, even in the light most favorable to the Defendants, do not amount to exigent circumstances necessary for a lawful entry into the first floor apartment absent a valid warrant. Officer Guiterrez testified that Randall Williams disobeyed his order. Officers Wayne and John Frano justified their entry into the home, based on Randall Williams' alleged failure to obey Guiterrez's order. John and Wayne Frano further testified that Randall Williams refused to open the door when they knocked on the door.

Defendant John Frano claimed that "officer safety" was the primary concern when entering the first floor apartment in pursuit of Randall Williams. However, both Defendant

Gutierrez and Defendant John Frano testified that they did not see or hear that Randall Williams had any guns or drugs on him when he entered the apartment. Officers Wayne and John Frano did not see Randall Williams at all until John Frano kicked in the door to arrest him. In fact, the only "officer safety" concern John Frano had, was that Randall Williams ran into an apartment where he was lawfully permitted to be. Defendants testified to nothing that would amount to the exigent circumstances required to exist for a warrantless entry. Moreover, John Frano testified that he walked down to the first floor apartment when he discovered that someone had gone into it. This demonstrates that the circumstances were not exigent at all.

Moreover, taking the Defendants' testimony as true, even if the Defendants had probable cause to arrest Randall Williams for refusing to obey a command to stop or produce identification, the probable cause for this municipal ordinance violation does not amount to an "exigent circumstance" as defined by law. *See Reardon v. Wroan*, 811 F.2d 1025, 1028 (7th Cir.1987) ("exigent circumstances do not exist when the underlying offense is minor, typically a misdemeanor.").

Finally, Defendant John and Wayne Frano's testimony that Randall Williams refused to allow the officers to enter the house clearly indicates that he was not consenting to the Officer's entry into the home.

Based on the foregoing, Defendants unlawfully search Plaintiff Mustafa's home when they forced entry into the home to arrest Randall Williams.

## CONCLUSION

Absent a valid warrant, consent, or recognizable exigent circumstances, the Defendants entrance in Plaintiff James Mustafa's home and the seizure of the home in refusing lawful occupants' entry, was unlawful as a matter of law. For this reason, Plaintiff Mustafa's motion for

directed verdict as to his claim for unlawful search and seizure of his first floor apartment should be granted.

WHEREFORE, Plaintiff Mustafa respectfully requests this Court grant Plaintiff's Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. Pr. 50, for Plaintiff Mustafa's unlawful search and seizure claims.

Respectfully requested,

JAMES MUSTAFA

By: s/Abby D. Bakos

Abby D. Bakos
The Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590

## **CERTIFICATE OF SERVICE**

The undersigned, Abby D. Bakos, hereby certifies that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.

Respectfully submitted,

s/ Abby D. Bakos


Abby D. Bakos
Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590