IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAMS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 11-cv-1105 |
| | ) |
| CITY OF CHICAGO, et al., | ) Magistrate Judge Schenkier |
| | ) |
| Defendants. | ) |

**PLAINTIFF BROWN AND MUSTAFA'S MOTION FOR
JUDGMENT AS A MATTER OF LAW**

Plaintiffs, JEFFREY BROWN and JAMES MUSTAFA, by and through undersigned counsel, respectfully move this Court, pursuant to Fed. R. Civ. P. 50(b) and 59, for judgment as a matter of law or, in the alternative, for a new trial. In support thereof, Plaintiffs state as follows:

INTRODUCTION

On April 7, 2010, the defendant officers participated in serving two search warrants at 170 North LaPorte. The first warrant authorized the defendants to search for weed in the second floor apartment and arrest Jacqueline Williams, a middle-aged female. The second warrant authorized the defendants to search for firearms and ammunition in the basement apartment and arrest Trivanti Williams, a 25 year old man. During the search of the second floor apartment, Plaintiff Jeffrey Brown was handcuffed and made to sit in his underwear for the duration of the search. Defendants also made a warrantless entry into the first floor apartment that is owned by Plaintiff James Mustafa to arrest his middle-aged son, Randell

1

Williams.

On February 17, 2015, a jury trial commenced wherein it was alleged that the defendants violated Plaintiffs' rights by 1) failing to knock and announce prior to making their entry into the second floor apartment; 2) using unreasonable force against Plaintiffs Bennett, Brown, and Randell Williams; 3) illegally seizing Plaintiff Brown; 4) illegally entering Plaintiff Mustafa's residence; 5) falsely arresting Plaintiff Williams; and 5) conspiring to commit the foregoing constitutional violations. A jury returned a verdict in favor of the defendants on all counts.

However, during the trial the defendants conceded that they had no reason to handcuff Plaintiff Brown and offered no evidence to contradict that he had been left sitting in his underwear for approximately two hours. Additionally, the defendants' explanation that they "did not know" whether anyone inside Plaintiff Mustafa's first floor apartment posed a threat is the exact opposite of an exigent circumstance, thereby making their entry into the first floor apartment illegal. Accordingly, Plaintiffs now move for judgment as a matter of law as, even in the light most favorable to the defendants, Plaintiff Brown and Plaintiff Mustafa are entitled to findings against the defendants for the violation of their Fourth Amendment rights.

## ARGUMENT

Plaintiffs seek, pursuant to Federal Rule of Civil Procedure 50(b), entry of judgment as a matter of law in their favor on Plaintiff Brown and Plaintiff Mustafa's claims of illegal search and seizure. The Court may direct the entry of

judgment as a matter of law if there was not a legally sufficient evidentiary basis for the jury's verdict. *Thomas v. Cook Co. Sheriff's Dep't*, 604 F.3d 293, 301 (7th Cir.), *cert. denied*, -- U.S. -, 131 S.Ct. 643 (2010); see *Alexander v. Mount Sinai Hospital Medical Center*, 484 F.3d 889, 902 (7th Cir. 2007). The verdict may be overturned when the evidence presented, combined with all reasonable inferences permissibly drawn from that evidence, is insufficient to support the verdict when viewed in the light most favorable to the party against whom the motion is directed. *See Ford v. Childers*, 855 F.2d 1271, 1274 n.4 (7th Cir. 1988).

In the event the Court denies Plaintiffs' Rule 50(b) motion, Plaintiffs seek a new trial pursuant to Federal Rule of Civil Procedure 59. Under Rule 59, the Court shall grant a new trial if the verdict was against the weight of the evidence, the damages are excessive, or if the trial was somehow unfair to or prejudiced the moving party. *Briggs v. Marshall,* 93 F.3d 355, 360 (7th Cir. 1996). Here, Plaintiffs seek a new trial under Rule 59 as the verdict was against the weight of the evidence in that the defendants offered no reason for seizing Plaintiff Brown or a sufficient basis for entering Plaintiff Mustafa's apartment. Thus, Plaintiffs' motion for judgment as a matter of law should be granted.

I. **Defendants' Prolonged and Unexplained Seizure of Plaintiff Brown was Unreasonable.**

The facts presented at trial have proven, as a matter of law, that the Defendants violated Plaintiff Brown's constitutional rights. Defendants unconstitutionally searched and seized Plaintiff Brown in that they had no reasonable and articulable suspicion to detain him, nor make him remain in his

3

underwear for the duration of their search. The existence of reasonable suspicion turns on an objective assessment of the detaining officer's actions in light of all the facts and circumstances confronting him at the time. *See United States v. Knights,* 534 U.S. 112, 122 (2001). This test takes into consideration "the totality of the circumstances" at the time of the detention. *United States v. Swift*, 220 F.3d 502, 506 (7th Cir. 2000). A valid search warrant carries with it a "limited authority to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers,* 452 U.S. 692, 705 (1981). However, the length and manner of detention must be reasonable. *Horne v. Wheeler,* No. 03 C 7252, 2005 WL 2171151, at *7 (N.D. Ill. Sept. 6, 2005). The test of reasonableness under the Fourth Amendment requires careful attention to the facts and circumstances of each particular case. *Graham v. Connor*, 490 U.S. 389, 396 (1989). Factors a Court should consider include 1) the severity of the crime at issue; 2) whether the suspect poses an immediate threat to the safety of the officers or others; and 3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* Here, all the factors weigh in favor of Plaintiff Brown and establish that his seizure was unreasonable as a matter of law.

It is undisputed that Mr. Brown was handcuffed and detained unreasonably. Further, Defendants never attempted to justify their use of handcuffs on Plaintiff Brown. He was not the target of the warrant and was not even a resident, but a mere visitor. Similarly, he could not have reasonably been mistaken for the target of the warrant as the defendants had been given pictures of the target immediately

4

prior to serving the warrant. Moreover, Mr. Brown was a 23 year old male and the defendants were looking for a 52 year old woman. Furthermore, it is undisputed that the defendants had no reason to suspect that Mr. Brown had committed any crime.

Additionally, the manner in which the defendants detained Mr. Brown was unconstitutional. *Los Angeles Cty, CA v. Rettele*, 550 U.S. 609, 127 S. Ct. 1989, 1994 (2007)(per curiam)(reaffirming that a detention may be unreasonable based upon its length or the manner of detention). A comparison with other detention cases highlights the unreasonableness of the defendants' conduct here. For example, in *Rettele*, the detention was considered reasonable where officers came upon two individuals who were lying in bed naked and after concluding they were not a threat instructed them to put on clothes. *Id.* at 1993. There, the Supreme Court recognized that the officers' detention of two individuals would have been unreasonable had the persons been left unclothed for longer than approximately two minutes. *Id.* Here, however, the exact opposite is true. *See id.*

Plaintiff was fully clothed at the time the defendants entered the apartment and wound up in his underwear as a result of his interaction with the defendants. Meanwhile, no defendant testified that he had any basis to believe that Plaintiff Brown posed any threat. Nevertheless, he was searched, handcuffed, and made to sit in his underwear. Worse, he was forced to remain in his underwear despite knowing unequivocally that Mr. Brown posed no threat to anyone—a fact that was reconfirmed when they searched him. This was unreasonable as a matter of law.

5

And it is especially unreasonable in light of the treatment of the other occupants in the 2nd Floor apartment, who at all times remained fully clothed and were never handcuffed. Plaintiff Brown should be granted judgment as a matter of law on his illegal search and seizure claim.

The concurrence in *Muehler v. Mena* is instructive to Plaintiff Brown's claim. 544 U.S. 93 (2005). There, Justice Kennedy explained that "the use of handcuffs is the use of force, and such force must be objectively reasonable under the circumstances." *Id.* at 102-103 (citing *Graham v. Connor*, 490 U.S. 386 (1989)). Accordingly, even if an initial handcuffing is objectively reasonable, the restraint should "be removed if, at any point during the search, it would be readily apparent to any objectively reasonable officer that removing the handcuffs would not compromise the officers' safety or risk interference or substantial delay in execution of the search." *Id.* at 103. Here, the use of handcuffs was unreasonable from its inception as the defendants had no reason to believe Plaintiff Brown posed any threat. *See id.* In fact, the defendants testified that Plaintiff Brown was at all times compliant and the situation was so unremarkable that there was no need to even document any interactions they had with Plaintiff Brown. Nevertheless, that Plaintiff Brown was kept in handcuffs for approximately two hours was unreasonable as it was readily apparent that removing the handcuffs would not compromise any officer's safety. *See id.* This is true not only because Plaintiff Brown was at all times complaint, but also because the defendant officers on the scene outnumbered the number of civilians and Plaintiff Brown, along with the

6

other occupants, were at all times under guard by Officer Napoli. There was no reason to detain Plaintiff Brown in handcuffs, let alone for two hours, nor to make him sit there in his underwear. Accordingly, the Court should grant Plaintiff Brown's motion for judgment as a matter of law against Defendants John Frano and Nicholas Cervantes.

## II. "I Don't Know" Is Not An Exigent Circumstance That Justifies Warrantless Entry Into a Home.

Searches and seizures within a home are presumptively unreasonable absent a warrant. *Payton v. New York,* 445 U.S. 573, 586 (1980). Such searches and seizures are justified when probable cause and exigent circumstances exist. *Welsh v. Wisconsin,* 466 U.S. 740, 749 (1984) (citing *Payton,* 445 U.S. at 583-90); *see Minnesota v. Olson,* 495 U.S. 91, 100 (1990) ("[I]n the absence of hot pursuit there must be at least probable cause to believe that one or more of the other factors justifying the entry were present..."). Probable cause does not require certainty, but it does require more than a mere suspicion. *United States v. McNeese*, 901 F.2d 585, 592 (7th Cir. 1990). Meanwhile, exigent circumstances exist when there is a compelling need for official action and no time to secure a warrant. *Michigan v. Tyler,* 436 U.S. 499, 509 (1978). To determine whether exigent circumstances existed, the Court must analyze the situation from the perspective of the officers at the scene and must determine whether the police had, at the time, a reasonable belief that there was a compelling need to act and no time to procure a search warrant. *United States v. Saadeh,* 61 F.3d 510, 516 (7th Cir. 1995). "A police officer's subjective belief that exigent circumstances exist is insufficient to justify a

warrantless search[;] ... [i]nstead[,]... this Court conducts an objective review." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013)(citing *Bogan v. City of Chicago*, 644 F.3d 563, 571 (7th Cir. 2011)). Here, the defendants had neither probable cause nor exigent circumstances to justify their warrantless entry into Plaintiff Mustafa's apartment.

Defendants justified their entry into the first floor apartment based upon the exigent circumstance of officer safety. At the time of their warrantless entry, the following facts are undisputed( or taken in the light most favorable to the defendants): 1) Plaintiff Randell Williams used keys to enter the first floor apartment; 2) no officer saw or had any reason to believe Mr. Williams had a weapon; 3) Mr. Williams did not stop and/or consent to a field interview prior to entering the first floor apartment; 4) at least two officers were standing in the immediate vicinity of the first floor apartment's door at the time Mr. Williams entered the first floor apartment; and 5) Defendants John Frano and Wayne Frano forced their way into the first floor apartment after Mr. Williams refused them entry.

Defendants argue that because they did not affirmatively know Plaintiff Randell Williams posed no threat, it was reasonable to conclude he posed a danger to the officers present thus providing them with exigent circumstances to enter the first floor apartment. In similar circumstances, Courts have found such arguments unavailing. For example, in *Andrews v. Hickman County,* the defendant officer argued that officer safety provided an exigent circumstance for his warrantless

8

entry of a home. 700 F.3d 845, 857 (6th Cir. 2012). There, the defendant perceived the plaintiff to be agitated and he was unsure of his basis for being there, accordingly he feared that the plaintiff could be a threat to other officers when the plaintiff retreated into his home. *Id.* In dismissing the defendant officer's argument, the Court noted that a lack of information cannot form the basis of a reasonable belief that exigent circumstances exist, especially "where there was no visible weapon in [the plaintiff's] possession, nor was a reference made to a weapon or any violence." *Id.* Rather, the officer "must be able to identify specific facts which, combined with reasonable inferences from those facts, would give rise to the conclusion that the warrantless intrusion was appropriate." *Id.*

Here, too, the defendants' not knowing is the exact opposite of having a reasonable basis to make a warrantless entry. Were it otherwise, the exception would swallow rule, as the Ninth Circuit recognized in *Sandoval v. Las Vegas Metropolitan Police Department.* 756 F.3d 1154, 1164 (9th Cir. 2014). There, the defendants argued for exigent circumstances on the bases that "[b]ecause he's inside — the subjects are inside, he [the officer] is outside. There's multiple rooms that suspects could run to. Possibly ambush us. Kill us. Unknown what weapons there are in the house or what they have hidden inside that residence at the time could possibly hurt us. So we had to control the situation. And he could not control it from outside the residence." *Id.* In denying the defendants' argument, the Court held that "[s]imply invoking the unknown" is not sufficient basis for an exigent circumstance where the "only mention of a threat was in terms so general that they

9

could apply to any interaction involving suspects in a home." *Id.* The defendants here made the exact same generalized arguments that are equally unavailing.

Here, the defendants did not offer any specific reason for their belief that Randell Williams posed any threat to their safety. Rather, they simply invoked the "unknown." *See id.* As a matter of law, that is not enough to justify their warrantless entry into Plaintiff Mustafa's home. In *United States v. Medina*, officers arrived outside of a house where they planned to serve an arrest warrant for a suspect. No. 08 CR 231 (E.D.Wisc Mar. 11, 2011).[1] There were numerous agents at the scene and they had several individuals detained when they saw someone running into a residence. *Id.* An agent followed the defendant into the residence, arguing his entry and detention was needed for officer safety reasons. *Id.* However, the Court found otherwise. *Id.* Although it did not doubt the chaos of the scene, the agent "point[ed] to no specific reason why he believed the man running into the home posed any danger to himself or the other officers on the scene." *Id.* Accordingly, there was no exigency for the warrantless entry.

At the time the defendants made their entry into Plaintiff Mustafa's first floor apartment they had no reason to think Randell Williams had a weapon. They had no reason to think he was Trivanti Williams. They had no reason to think he was not authorized to enter the first floor apartment. That Plaintiff Williams did not consent to a field interview is immaterial as, for all the reasons stated above, the defendants had no reasonable and articulable suspicion to perform a *Terry* stop, therefore Plaintiff Williams had every right to ignore any attempts to question him.

---

[1] Unpublished opinion attached hereto as Exhibit 1.

*See Florida v. Royer*, 460 U.S. 491, 498 (1983). Plaintiff Williams could not have been detained even momentarily without reasonable, objective grounds for doing so; and his refusal to listen or answer does not, without more, furnish those grounds. *United States v. Mendenhall*, 446 U.S. 544, 555 (1980). The defendants did not have a reasonable and articulable suspicion, let alone probable cause, to support any showing of exigency as a justification for their warrantless entry into Plaintiff Mustafa's apartment. Accordingly, Plaintiff Mustafa should be granted judgments as a matter of law against Defendant John Frano and Defendant Wayne Frano.

WHEREFORE the Plaintiffs, JEFFREY BROWN and JAMES MUSTAFA, respectfully requests that this Honorable Court grant their motions for judgment as a matter of law, and provide any further relief it deems equitable and just.

Respectfully Submitted,

By: s/Jeanette Samuels
One of Plaintiffs' Attorneys

Jeanette Samuels
JARED S. KOSOGLAD, P.C.
118 South Clinton Street
Suite 200
Chicago, Illinois 60661
Tel: 312.515.1444
E: jeanette@jaredlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney swears and affirms that this certificate of service and attached documents were tendered to:

>Marion Moore │Caroline Fronczak │Jack Battaglia
>FEDERAL CIVIL RIGHTS LITIGATION DIVISION, CITY OF CHICAGO
>30 North LaSalle Street
>Suite 900
>Chicago, IL 60602

via the Court's electronic filing system on March 30, 2015.

>_s/ Jeanette Samuels_