# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RANDALL WILLIAMS, *et al.*, | )<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 11 C 1105<br>)<br>) Magistrate Judge Schenkier |
| VINCENT FICO, *et al.*, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

On February 27, 2015, after a five-day trial, the jury found for defendants City of Chicago, John Frano, Nicholas Cervantes, and Wayne Frano, Jr. (collectively, "Defendants") and against plaintiffs Anthony Bennett, Jeffery Brown, James Mustafa, and Randall Williams (collectively, "Plaintiffs") on their claims of excessive force, false arrest, unlawful search and seizure, and conspiracy. This Court then entered judgment in favor of Defendants (doc. # 173). On March 23, 2015, Defendants submitted a Bill of Costs seeking $9,304.75 (doc. # 179). Plaintiffs object to the Bill of Costs, contending that they are unable to pay the costs due to financial hardship and, alternatively, that many of the costs Defendants seek are unreasonable and unnecessary (doc. # 183). In reply, Defendants argue that Plaintiffs' financial hardship argument is not a sound basis to relieve Plaintiffs of their obligation to pay costs (doc. # 189). Defendants further argue that the costs they seek are neither unreasonable nor unnecessary (*Id.*). For the reasons that follow, we grant in part and deny in part Defendants' Bill of Costs, and award $7,658.60 in costs to Defendants.

## I.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This directive creates a presumption in favor of awarding costs to the prevailing party that is "difficult to overcome." *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 945 (7th Cir. 1997); *see also Park v. City of Chicago,* 297 F.3d 606, 617 (7th Cir. 2002) (recognizing a strong presumption in favor of awarding costs to the prevailing party). Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of a penalty; or (2) the losing party's inability to pay. *Weeks,* 126 F.3d at 945.

Plaintiffs assert financial hardship as a justification for denying Defendants' request for costs in its entirety. Accordingly, we turn first to the question of whether Plaintiffs have demonstrated an inability to pay that relieves them from the obligation to pay Defendants' costs.

## II.

When ruling on a losing party's contention that he is unable to pay the prevailing party's costs, the Court must engage in a two-step analysis. *Rivera v. City of Chicago,* 469 F.3d 631, 635 (7th Cir. 2006). *First,* the Court "must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* (quoting *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir. 1994)). The burden of proof is upon the losing party to provide the court with sufficient evidence to support this finding, and should include documentation "in the form of an affidavit or other documentary evidence of income and assets, as well as a schedule of expenses." *Id. Second,* the Court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case

2

when using its discretion to deny costs." *Id.* at 635-36. The Seventh Circuit has made clear "that the [financial hardship] exception is a narrow one." *Id.* at 636.

Here, Plaintiff Randall Williams claims that he should not be required to pay costs because he "lost his store during the recession . . . [and] is currently unable to work due to his physical disability and relies on social security to take care of his basic needs" (Pls.' Resp. in Opp. to Defs.' Bill of Costs ("Pls.' Resp.") (doc. # 183) at 2). Plaintiff Anthony Bennett asserts that he is a minor and thus unable to work for a number of years (*Id.*). Plaintiff James Mustafa claims he is unemployed and lives off of social security (*Id.*). Plaintiff Jeffery Brown claims he is "an unmarried father of two who is financially responsible for his two children and is also their caregiver" (*Id.*).

Plaintiffs fail to meet the evidentiary burden required of them to prove both a current and future inability to pay costs. None of the Plaintiffs has provided the Court with any additional evidence in support of their claims of a current inability to pay—such as an affidavit or schedule of expenses. *See Lewis v. City of Chicago,* No. 04 C 6050, 2012 WL 6720411, at *3 (N.D. Ill., Dec. 21, 2012) (finding that because plaintiff did not provide a schedule of expenses or any other documentary evidence of her income or assets, she failed to provide sufficient documentation to support her indigency claim); *Rivera,* 469 F.3d at 635 ("[r]equiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances"); *Falcon v. City of Chicago,* No. 98 C 4028, 2000 WL 1231403, at *1 (N.D. Ill., Aug. 28, 2000) ("the losing party must demonstrate actual indigency, not merely limited financial resources").

Indeed, as Defendants correctly point out, Jeffery Brown testified during the trial that he has been employed as a personal assistant for the Department of Human Services for about seven

years (Defs.' Reply to Pls.' Resp. "(Defs.' Reply")), Exh. A, p. 29). Defendants similarly note that James Mustafa testified at trial that he owns the building where the search occurred, and that while he is not currently employed, he is a minister and a community activist with degrees in sociology, theology, and divine science (*Id.*, Exh. C, p. 19). And, Randall Williams described himself at trial as an "entrepreneur" (*Id.* at 4). All of this provides additional support for the conclusion that these plaintiffs have not met their burden of proof as to an inability to pay costs in the future. *See Denson v. Northeast Ill. Reg'l Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, at *2 (N.D. Ill., June 27, 2003) (awarding costs even though the plaintiff was indigent because she did not demonstrate an inability to pay costs in the future).

We observe that Plaintiff Anthony Bennett is situated differently from the other plaintiffs because of his minor status; we need no affidavit from him to establish that point. That being said, courts in this jurisdiction have considered the income of interested persons, including parents, when evaluating a minor's ability to pay for the costs of litigation. *See Bryant v. Whalen*, No. 88 C 4834, 1992 WL 198946, at *5 (N.D. Ill., Aug. 12, 1992) (noting that "[t]he financial resources of both the minor and the parents should be considered in determining the ability to pay the costs of litigation"). Takeyla Williams, Anthony's mother, testified during trial that she has been employed since 2011 as an admissions advisor for American Intercontinental University (Defs.' Reply, Exh. B, p. 11). Given that Ms. Williams filed suit on behalf of her son, is currently employed, and neglected to offer any evidence indicating that she cannot pay costs both now and in the future, we also conclude as to Anthony Bennett that he, too, has failed to meet the evidentiary burden set forth in *Rivera*.

## III.

We turn now to the matter of what defense costs should be taxed against Plaintiffs. The Court may only award costs that "fall into one of the categories of costs statutorily authorized for reimbursement." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). The definition of "costs" as used in Rule 54(d) is set forth in 28 U.S.C. § 1920. Specifically, Section 1920 provides that a court may tax as costs:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.[1] The party seeking the award of costs "carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of the Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). Then, "the losing party bears the burden of an affirmative showing that the taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

Plaintiffs assert that no costs should be awarded, or, in the alternative, that any award granted should be limited to $4,776.05 (Pls.' Resp. at 10). We address below each of the categories of costs brought by Defendants.

---

[1] This version of Section 1920 reflects amendments made in 2008 to subsection (4), which changed the text of this subsection from allowing fees for "copies of paper," to allowing fees for "the costs of making copies of any materials." Judicial Administration and Technical Amendments Act of 2008, Pub.L. No. 110-406, § 6(2), 122 Stat. 4291, S. 3569 (2008).

5

A.  **Service of Summons and Subpoena Fees.**

Defendants request $979.54 in costs incurred in the service of six subpoenas (Bill of Costs at 5, 23-28). These costs reflect the following: (1) service of two subpoenas upon witness Nathaniel Williams (once to appear for his deposition and once for trial) at $55.00 per subpoena ($110.00); (2) service of subpoenas upon five other persons (Eunice Young, Helen Granada, Dr. Richard Schmitt, Dr. Michele Everett, and Dr. Thomas Staff) at either $50.00 or $55.00 per subpoena ($270.00); (3) one "rush" fee charged in connection with a service of summons on Nathanial Williams in the amount of $30.00; (4) a mileage charge associated with service of the subpoenas upon Ms. Granada in the amount of $15.00; (5) "call back fees" associated with three witnesses in the total amount of $228.00; and (6) per diem checks paid to each of the six witnesses in the total amount of $326.54. Plaintiffs argue that, at most, Defendants are entitled to $190.00 in subpoena fees associated with two witnesses: Nathanial Young and Eunice Young (Pls.' Resp. at 5). Plaintiffs do not clarify why the costs of service should not be awarded as to the other four witnesses.

Section 1920(1) permits the Court to assess costs for clerk and marshal fees, a category that includes costs associated with the service of subpoenas. 28 U.S.C. § 1920(1); *Lalowski v. Corinthian Schools, Inc.*, No. 10 C 1928, 2013 WL 3774002, at *2 (N.D. Ill., July 18, 2013). While the term "marshal" as used in Section 1920(1) does not specifically include private process servers, the prevailing party may recover costs for using a private process server, provided those costs do not exceed fees charged by a marshal, *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996), and are reasonable and necessary. *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). The fee for personal service of a subpoena by the U.S. Marshal's Service is $65.00 per hour "plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

6

Defendants' Bill of Costs asks for $50.00 or $55.00 per service attempt for each of the six witnesses, plus one extra summons for Mr. Williams to appear at trial, for a total of $380.00. These service fees are less than the going rate for one hour of marshal service time. We find these costs reasonable and necessary and thus award Defendants $380.00 for this category of costs.

As for whether to award costs associated with unsuccessful attempts at service—which Defendants identify as "call back" fees—we note that courts are divided on this issue. Numerous courts have denied recovery for attempted service fees, *see Olivarius v. Tharaldson Prop. Mgmt. Inc.*, No. 08 C 463, 2012 WL 1117468, at *2 (N.D. Ill., Apr. 3, 2012); *Int'l Bhd. of Teamsters, Local 371 v. Rock Island*, No. 05-4078, 2006 WL 3617731, at *1 (C.D. Ill., Aug. 8, 2006), while others have come to the opposite conclusion. *See Local 881 United Food and Commercial Workers Union v. Food Club of Indiana*, No. 2:11-CV-161-TLS, 2011 WL 3501721, at *3 (N.D. Ind., Aug. 10, 2011). We find that fees for unsuccessful attempts at service are recoverable pursuant to 28 C.F.R. § 0.114, which states that U.S. marshals "shall collect the fees enumerated [herein] . . . even when process i[s] returned to the court or the party unexecuted, as long as service is endeavored." 28 C.F.R. § 0.114(f). We therefore allow recovery of Defendants' "call-back" fees in the amount of $228.00.[2]

We do not award Defendants the $15.00 mileage charge associated with service on Ms. Granada (Bill of Costs at 5, 28). Although fees associated with travel costs and mileage are recoverable, *see* 28 C.F.R. § 0.114(c), the bill provided in connection with this charge does not

---

[2] Plaintiffs say that the subpoenas for records to the three doctors were unnecessary because Plaintiffs already had provided these records to Defendants (Pls.' Resp. at 5). But, we do not consider it unreasonable for Defendants to issue their own subpoenas to ensure that they had all the relevant records. Plaintiffs also say that the subpoenas to Nathaniel Williams were not necessary because he did not testify at trial (*Id.*). However, Mr. Williams was identified by Defendants in the final pretrial order as a potential trial witness (doc. # 146: Final Pretrial Order, at 7). We therefore cannot say it was unreasonable to serve a subpoena to assure his appearance if, as the trial progressed, Defendants decided to have him testify.

7

state Ms. Granada's address, include mileage information, or calculate mileage in accordance with 5 U.S.C. chapter 57; thus, it is impossible for this Court to ascertain whether the $15.00 mileage fee is reasonable. *See Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 802 (N.D. Ill. 2002) (denying certain service costs where prevailing party failed to provide address of where service took place, mileage for service, or how long service took to complete). Nor do we grant the $30.00 "rush fee" associated with Mr. Williams (Bill of Costs at 5, 26). Defendants do not explain why a "rush" was required. *See Sanglap*, 194 F. Supp. 2d at 802 (denying service fee recovery where prevailing party failed to indicate why rush service was required).

Finally, we reduce Defendants' line-item of $326.54, described only as "check amount" in their Bill of Costs "service of summons and subpoena" itemized spreadsheet (Bill of Costs at 5) to $240.00. In their reply memorandum, Defendants describe these costs as "check fees paid witnesses for per diem under 28 U.S.C.A. § 1821(2)(b)" (Defs.' Reply at 6). Section 1821(b) does authorize payment to a witness of an attendance fee of $40.00 per day. Witnesses also may recover a mileage allowance or other costs of transit to and from the location where the testimony is given. *See* Section 1821(c)(1)-(4). But, here, we have not been given the information needed to assess whether any amounts sought in excess of $40.00 for each witness were reasonable. We therefore will award only $40.00 per witness, or $240.00. Accordingly, we award a total of $848.00 for costs associated with service of subpoenas.

B.  **Deposition and Transcript Copying Fees.**

Defendants request for $6,858.20 in fees associated with the transcription and copying of depositions, as well as for court reporter attendance fees (Bill of Costs at 6). In support, Defendants provide a spread sheet listing the names of 22 different deponents (Defendant John Frano was deposed twice, for a total of 23 depositions); the dates of the depositions; the number

of pages; the amount per page allowed to be recovered—$3.65 per page for original transcript pages, and $0.90 per page for copies; and whether the requested cost is for an original or a copy (*Id.*). Also included on the spreadsheet are court reporter attendance fees for 12 of the depositions in the amount $60.00 for each of those depositions.

Under 28 U.S.C. § 1920(2), federal courts have authority to tax fees and disbursements for transcripts "necessarily obtained for use in the case." Recovery, however, is limited by Local Rule 54.1(b) to the copy rate established by the Judicial Conference of the United States at the time the deposition was taken. *See* N.D. Ill. L.R. 54.1(b). As of 2008, the per page rate for original copies of ordinary depositions is $3.65, with a $0.90 per page rate allowed for regular copies to each party. *See* N.D. Ill. General Order 07–0024, September 18, 2007.

Transcripts need not be "absolutely indispensable" in order to justify an award of costs; a prevailing party need only demonstrate that the transcripts are "reasonably necessary." *State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981). Necessity is determined "in light of the facts known at the time of the deposition." *White v. City of Chicago*, No. 11 C 7802, 2015 WL 1402409, at *3 (N.D. Ill., Mar. 23, 2015).

Plaintiffs argue that only the costs associated with 14 of the 23 deposition transcripts should be allowed, in the amount of $4,521.25 (Pls.' Resp. at 6). Plaintiffs seek to exclude costs associated with the depositions of Nakia Williams, Jacqueline Williams, Tony Ramirez, William Betancourt, Dr. Michelle Everett, Elvis Ortega, Ricky Villacis, and Angelo Monaco, as well as one of the two depositions taken of defendant John Frano (*Id.*). Plaintiffs argue generally that these depositions were unnecessary because they involve either witnesses who were not called at trial or witnesses who provided cumulative testimony (*Id.*). This argument is make weight. As Defendants point out, it was *Plaintiffs* who took the depositions of all the witnesses, and it was

*Plaintiffs* who required the transcripts to determine which witnesses were needed for trial (Defs.' Reply at 7). Moreover, each of the depositions Plaintiffs seek to exclude from the award of costs was for a person that Plaintiffs listed on the final pre-trial as a will call or may call witness (Final Pretrial Order, at 5-6). It surely was reasonable for Defendants to be armed with deposition transcripts for witnesses Plaintiffs proposed to have testify at trial.

We therefore grant Defendants' request for fees associated with the depositions of 21 witnesses at the Judicial Conference rate established for original copies of ordinary transcripts, and for two witnesses at the Judicial Conference rate established for non-original copies of ordinary transcripts. Together, this amount is equal to $6,138.20.

Defendants also seek costs in the amount of $720.00, representing a flat $60.00 court reporter "attendance fee" as to 12 of the deponents (Bill of Costs at 6). We decline to award Defendants this additional amount. The Seventh Circuit has upheld the discretion of judges to award court reporter attendance fees as taxable costs. *Held v. Held,* 137 F.3d 998, 1002 (7th Cir. 1998). However, attendance fees "may be taxed as costs only to the extent that the fee, when added to the per-page rate charged for the deposition transcript, does not make the total charge per page exceed the page rate established by the Judicial Conference." *Fletcher v. Chicago Rail Link,* LLC, No. 06 C 842, 2007 WL 4557816, at *1 (N.D. Ill., Dec. 20, 2007). Since Defendants already requested, and received, the Judicial Conference rate for the transcripts themselves, we will not allow them in addition to recover court reporter attendance fees. *See Perry,* 2011 WL 612342 at *5.

C. **Fees for Exemplification and Copies of Papers.**

Defendants request $141.00 for "Exemplification and Copies of Papers" (Bill of Costs at 1). Plaintiffs maintain that these costs are not reasonably related to the litigation because it is

10

impossible to tell which copies were made for the convenience of counsel and which were made because they were necessary to the litigation (Pls.' Resp. at 7). Plaintiffs further assert that Defendants "essentially printed off a copy of the docket and added a price of 15 cents per page without regard to whether that document was actually used in this case" (*Id.* at 8). Defendants counter that they are not required to demonstrate the necessity of every copy they made because doing so is not cost effective (Defs.' Reply. at 8).

A prevailing party may recover costs for copies that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In proving that copies were necessarily obtained for use in the case, the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," but instead must "provide the best breakdown obtainable from retained records." *Northbrook Express & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Reasonably necessary copies include those "attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court, but do not include copies made solely for the convenience of counsel." *Roney v. Illinois Dep't of Transp.*, No. 99 C 4941, 2007 WL 1100751, at *1 (N.D. Ill., Apr. 12, 2007); *see also Alexander v. CIT Tech Fin. Servs., Inc.*, 222 F. Supp. 2d 1087, 1089 (N.D. Ill. 2002) (finding that copy charges for discovery and courtesy copies to the court are recoverable but not charges of copies made for attorney convenience).

In support of their copying costs calculation, Defendants have submitted an itemized list of the documents they culled from the docket (including minute entries, complaints, answers, motions, responses, and orders), indicated the number of pages copied, and then multiplied the number of pages copied by $0.15 (Bill of Costs at 7-11). Defendants made only one copy of

each document. We note that Defendants did not copy the entire docket, as Plaintiffs suggest, but excluded items such as attorney appearances and notices of motions.

We find that the copying for which Defendants seek costs was reasonable and necessary for use in this case. It is certainly important to the litigation of a case to have a complete copy of the documentation submitted to the Court, as well as this Court's rulings. Defendants made only one copy of each document, charged the reasonable rate of $0.15 per page, and were selective in the documents chosen for copying. *See Wells v. Johnson*, No. 06 C 6284, 2012 WL 3245955, at *1 (N.D. Ill., Aug. 6, 2012) (finding $0.15 per page reasonable); *Perry*, 2011 WL 612342, at *2 (same). We find that Defendants may therefore recover the full amount requested of $141.00.

**D.    Other Costs.**

Finally, Defendants seek $1,326.01 in "other costs," including medical records, court and deposition transcripts, and enlargement costs (Bill of Costs at 1, 12). We address each of these additional categories of cost below.

   **i.    Enlargement Fees.**

Defendants request $50.00 for the in-house enlargement of a Use of Force model. Plaintiffs object, pointing out that Defendants never used the enlargement at trial (Pls.' Resp. at 9). Defendants concede that they did not use the model, but argue that it was reasonable for them to make the enlargement in anticipation of Officer Wayne Frano's cross-examination (Defs.' Reply at 8-9). We agree with Defendants that the enlargement was reasonably necessary. The relevant inquiry is not whether Defendants actually used the enlargement, but whether the costs Defendants' incurred in making the enlargement were reasonably necessary at the time they were incurred. *See Thayer v. Chiczewski*, No. 07 CV 1406, 2010 WL 3087447, at *5 (N.D. Ill., Aug. 4, 2010); *see also Soler* 771 F. Supp. at 252 (finding that costs of enlarging trial

exhibits are recoverable). Here, Defendants have explained that based on Plaintiffs' extensive deposition examination of Wayne Frano about the Use of Force model, they anticipated that Plaintiffs would examine him on that model at trial and that it was prudent to make the enlargement to cover that possibility (Defs.' Reply at 9). We find that explanation reasonable, and thus award Defendants $50.00 for the cost of the enlargement.

### ii. Court Reporter Transcript Fees.

Defendants' Bill of Costs includes two "court transcript" bills from court reporter Jennifer Dunn in the amounts of $169.40 and $278.30 (Bill of Costs at 12, 41-42). Together, the bills indicate that 74 original transcript pages were provided to Defendants; however, the bills do not reflect a per page cost. Plaintiffs object to these costs as not reasonably necessary, while Defendants maintain that the transcripts were necessary in order to "clearly and accurately remind the jury of the testimony that they heard during the trial when they experienced almost a week break in the midst of trial" (Defs.' Reply at 8).

Although not made clear by Defendants, the Court has reviewed the docket and has determined that these two transcripts, one for 46 pages and one for 28 pages, contain the trial testimony of Takayla Williams, Mable Williams, and Randall Williams (docs. # 176, 177). Defendants fail to specifically explain why they needed transcripts of the testimony of these witnesses, as opposed to others, such as Jeffery Brown, who also testified prior to the one-week recess in the trial. We therefore deny Defendants' request for this item of costs.

### iii. Randall Williams's Medical Records Fees.

Defendants issued four subpoenas in connection with Randall Williams's medical files and now seek $309.51 in costs associated with these subpoenas (Bill of Costs at 1, 12, 18, 35-36, 40). Three document subpoenas were issued to Loretto Hospital, resulting in costs of $127.51,

13

$96.00, and $68.00, respectively. A fourth document subpoena was issued to Austin Family Health Center, resulting in a costs of $18.00 (*Id.*). Plaintiffs object to these costs on grounds that they "willingly provided [these records] to the defendants at the beginning of this litigation" (Pls.' Resp. at 8). Defendants respond that they issued these subpoenas to be sure they had a full and complete medical record (Defs.' Reply at 6).

As discussed above, a prevailing party may "recover service costs that do not exceed the marshal's fees, no matter who actually effected service." *Collins*, 96 F.3d at 1060. The fee for personal service of a subpoena by the U.S. Marshal's Service is $65.00 per hour "plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). Here, we find it reasonable that Defendants served three subpoenas in order to be sure they had a complete medical file relative to Randall Williams. However, in three out of the four instances, Defendants seek an amount in excess of the amount charged by the U.S. Marshal's Service. Accordingly, the Court reduces the Loretto Hospital subpoenas to $65.00 apiece, and awards $18.00 for the fourth subpoena, for a total of $213.00. *See Lewis v. City of Chicago*, 2012 WL 6720411 (N.D. Ill., Dec. 21, 2012) (upholding request for costs associated with medical records subpoenas at price that matched price charged by U.S. Marshal's Service).

    iv.    **Court Transcript Fees.**

Defendants seek $18.00 in court transcript fees (Bill of Costs at 12). Plaintiffs do not specifically object to these costs. Accordingly, the Court awards Defendants $18.00 for these fees.

    v.    **Gutierrez Deposition and Transcript Fees.**

Finally, Defendants seek $500.80 in fees associated with the video deposition of Humberto Gutierrez (Bill of Costs at 12, 38). Plaintiffs state that the parties agreed to share the

cost of the deposition (Pls.' Resp. at 9). Defendants admit that they agreed to split the cost for the video deposition but argue that now, as a prevailing party, they are entitled to recover the amount they agreed to pay as costs pursuant to Section 1920 (Defs.' Reply at 9).

A prevailing party can recover costs of a video-recorded deposition, provided that the party can prove it was necessary and reasonable in the context of the case. *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 976 (N.D. Ill. 2010). Moreover, the need for this deposition was the result of an unforeseen one-week recess in the trial that was not the fault of any party, and that rendered Mr. Gutierrez unavailable to testify when the trial resumed. As a result of that unavailability, the parties reasonably agreed to share the costs of the video deposition. We see no reason to undermine this agreement—particularly given Defendants' admission that they agreed to share the costs, and that they did so without stating that the agreement was only provisional and that the prevailing side would be entitled to recover the share it paid. Therefore, the Court awards Defendants $250.40 in costs associated with Mr. Gutierrez's deposition.

## Conclusion

For the foregoing reasons, Defendants' Bill of Costs is granted in part and denied in part. Defendants are awarded costs as the prevailing party in this action in the amount of $7,658.60, which we award against the Plaintiffs jointly and severally.

ENTER:

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

June 16, 2015